### BARTH et al. v. SANDERS.

(Supreme Court, Appellate Term. December 16, 1908.)

FRAUDS, STATUTE OF (§ 23*)—PROMISE TO PAY DEBT OF ANOTHER.

The promise by the successor of a buyer under a conditional sale that, if the seller would permit her to retain the property, she would pay the balance due, was an original promise based upon a valuable consideration, entitling the seller to recover thereon.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 18; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Leopold Barth and another, partners as L. Barth & Son, against Adelia Sanders. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Strasbourger, Eschwege & Schallek, for appellants.

HENDRICK, J. Plaintiffs brought this action against Adelia Sanders and John Sanders for goods sold and delivered. As to John Sanders, the action was discontinued. The cause of action arose out of the following facts, which are not disputed: Plaintiffs and the firm of Sanders & Peck entered into an agreement by which the plaintiffs sold and delivered to the aforesaid firm certain goods consisting of glassware, etc., to be used in the saloon business then being conducted by Sanders & Peck. This agreement provided that the title to the goods should remain in the vendors until paid for and payments were to be made therefor in installments. The selling price was $111.48, and the said firm paid to apply thereon the sum of $39.48. The agreement was made September 26, 1907, and in November, 1907, Sanders & Peck went out of business, and the defendant Sanders succeeded them. She then went to the plaintiffs and asked them to let the property remain with her, and she would pay the balance due them in payments of $10 per month. They agreed to this, and subsequently she paid two payments of $10 each during the succeeding two months. She then gave up the business, and left the premises. What became of the property does not appear. The defendant says she left it in the store, and that it was mortgaged. Plaintiffs sent to the store after the goods, but could not find them. Upon this testimony the court below gave a judgment in favor of the defendant. The judgment must

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

be reversed. The promise on the part of the defendant to keep the goods and pay the plaintiffs the unpaid balance due them was an original promise, based upon a valuable consideration moving between the parties, and constituted a valid cause of action in favor of the plaintiffs against the defendant.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.